UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TAYLOR HATFIELD-EVANS, WENDI LUCKEY, and NAOMI MENDOZA, individually, and on behalf of similarly situated employees,<br><br>        Plaintiffs,<br><br>v.<br><br>ENNRL, INC., d/b/a COLONEL CAFÉ and NINA SEMAAN and EDGARD SEMANN, individually,<br><br>        Defendants. | No. 3:17-CV-419-TRM-DCP |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order of the District Judge [Doc. 19].

Now before the Court is a Joint Motion for Leave to File Confidential Settlement Agreement Under Seal, to Approval the Same, and to Dismiss this Case with Prejudice [Doc. 17]. The parties appeared before the Court on August 8, 2018, for a motion hearing. Attorney Kayla Towe appeared on behalf of Plaintiffs. Attorney Mitchell Painter was present on behalf of Defendants. Accordingly, for the reasons set forth below, the Court **RECOMMENDS** that the Joint Motion [**Doc. 17**] be **GRANTED IN PART AND DENIED IN PART.**

I. **BACKGROUND**

This case [Doc. 1] was removed to this Court on September 20, 2017. The Complaint alleges that Plaintiffs were servers who worked for Defendants within the previous three years. [Doc. 1-1 at 6]. The Complaint states that throughout Plaintiffs' employment, Defendants did not pay any wages to Plaintiffs and that Defendants withheld Plaintiffs' payroll check amount of $2.13

per hour and distributed the money to back-of-the-house staff, which primarily consisted of dishwashers. [*Id.* at ¶ 22]. The Complaint continues that Plaintiffs Hatfield-Evans and Luckey requested that Defendants provide them with a verification of employment and income but that Defendants refused. [*Id.* at ¶ 23]. Plaintiff Luckey, who was in the process of applying for a mortgage, persisted that Defendants verify her employment and income. [*Id.*]. The Complaint alleges that while attempting to obtain proof of income, Luckey learned that it was illegal for Defendants to give the servers' hourly wage of $2.13 to non-tipped employees. [*Id.*]. The Complaint states that Luckey complained to Defendants after learning about the illegal wage policy. [*Id.*].

The Complaint avers that subsequently, Defendants threatened Luckey that the majority of her shifts would be given to another employee. [*Id.* at 24]. Plaintiff Luckey persisted with her requests for a paystub or verification, which prompted Defendants to hold a meeting where all staff members had to vote for Plaintiff Luckey to receive a paystub. [*Id.*]. Defendants chose this time to criticize Plaintiff Luckey's request. [*Id.*]. In addition, Defendants threatened and advised against employees reporting their income or disagreeing with the illegal wage policy. [*Id.*]. The Complaint alleges that it was Plaintiff Luckey's understanding that Defendants did not normally provide paystubs to employees in order to evade tax requirements and/or to enable Defendants to file fraudulent information returns with respect to payments purportedly made to Plaintiffs and their server-coworkers. [*Id.*]. The Complaint states that, against Defendants' wishes, a lower-level manager provided Plaintiff Luckey with the requested verification on or about March 23, 2017, and that Defendants terminated Plaintiff Luckey on or about April 19, 2017. [*Id.* at ¶ 25].

2

Case 3:17-cv-00419-TRM-DCP   Document 22   Filed 10/30/18   Page 2 of 7   PageID #: 87

Based on the above allegations, and in addition to other various claims, Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA") and retaliation in violation of the FLSA as to Plaintiff Luckey. [*Id.* at 7-8].

## II.  POSITIONS OF THE PARTIES

The parties filed a Joint Motion [Doc. 17], requesting that the Court approve their settlement agreement and that the Court dismiss the case with prejudice. The parties explain that they have a bona fide dispute regarding Plaintiffs' entitlement to wages owed pursuant to the FLSA, including whether there is individual or enterprise coverage under the FLSA. The parties have determined to settle the case to avoid protracted litigation. The parties represent to the Court that the settlement agreement is fair and reasonable and adequately compensates Plaintiffs for their disputes. In addition, the parties state that the settlement agreement is intended to resolve and satisfy all Plaintiffs' wage and hour claims, including the remedies available to Plaintiffs under the FLSA and state law, such as back wages, potential liquidated damages, attorney's fees, and costs.

Further, in the Motion, the parties request that the settlement agreement be filed under seal. In support of this request, the parties state that there are serious disagreements between them as to the merits of the lawsuit, including whether Plaintiffs are covered employees under the FLSA. The parties explain that the settlement agreement is intended solely to terminate this dispute without the additional expense of litigation. The parties state that maintaining the confidentiality of the parties' agreement is an important component of the parties' negotiated settlement agreement. In addition, the parties state that their interest in keeping the settlement confidential outweighs any public interest in accessing court documents.

3

Case 3:17-cv-00419-TRM-DCP   Document 22   Filed 10/30/18   Page 3 of 7   PageID #: 88

## III. ANALYSIS

The Court's approval of settlements is only required in certain circumstances. Courts must ensure that the settlement of the FLSA claim is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). The compromise regarding the FLSA claim should "reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Id.* In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *Schneider v. Goodyear Tire & Rubber, Co.*, No. 5:13-cv-2741, 2014 WL 2579637, *2 (N.D. Ohio June 9, 2014).

During the hearing, Plaintiffs stated that they believed that the settlement agreement is a reasonable and bona fide resolution and that the parties' legal dispute involves whether there is enterprise or individual coverage under the FLSA and that there is a circuit split on these issues. In addition, the parties explained that they dispute the actual hours that Plaintiffs worked. The parties stated that Plaintiffs are receiving 100% of their back wages and that they are also receiving liquidated damages. Plaintiffs explained that they did not engage in written discovery, but the attorneys for both sides participated in candid conversations regarding the disputes in this matter. With respect to the attorney's fees, Plaintiffs' counsel stated that the attorney's fees were separate from the award to Plaintiffs, which will be paid through a separate check and not from any amounts owed to Plaintiffs.

In the instant case, the Court has reviewed the settlement agreement, and the Court finds that the terms are fair and reasonable, except with respect to the confidentiality provision noted below. The Court notes that both parties are represented by counsel and that both parties acknowledge that bona fide legal and factual disputes exist (i.e., whether the FLSA enterprise or

4

individual coverage provisions apply and the actual hours Plaintiff worked.). The parties engaged in settlement discussions and determined that settling this case is in their best interests. Plaintiffs represent that the settlement amount provides them with full back pay, plus liquidated damages. Further, the Court observes that the settlement agreement provides that Plaintiffs are being paid the maximum amount that they could recover if they were successful in prosecuting the claims asserted in the Complaint.

Further, the Court notes that, by settling, Plaintiffs are spared the burden of proving their claims and damages to a jury, and they are being fairly compensated with the wages of which they were allegedly deprived. Moreover, the Court finds that the settlement agreement resolves a bona fide dispute over FLSA provisions. Accordingly, the Court finds that the terms of the parties' settlement agreement, with the exception noted below, represent a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. The Court has also reviewed the request for attorney's fees in this case, which Plaintiffs' counsel represented is approximately 40% of the award. While the Court observes that the attorney's fees are unusually high, especially considering what little discovery took place, the Court will recommend that the settlement agreement be approved, given that the attorney's fees are separate from Plaintiffs' award in this matter.

Finally, the parties' Joint Motion requests that the settlement agreement be placed under seal. The settlement agreement also contains a confidentiality provision. With respect to the confidentiality of FLSA settlements, the Western District of Tennessee recently explained: "[A]ny ostensible "privacy" right that would be invaded by virtue of publishing the settlement agreement pales in comparison to both the purpose of the FLSA and the presumption of public access to any judicial document." *Steele v. Staffmark Investments, LLC*, No. 16-cv-2069, 2016 WL 1156744, at

*5 (W.D. Tenn. Mar. 23, 2016); *see also Nutting v. Unilever Mfg., Inc.*, No. 2:14-cv-22339, 2014 WL 2959481, at *5 (W.D. Tenn. June 13, 2014) (noting that "the Court 'joins the overwhelming consensus of district courts that have considered the issue to hold that an FLSA settlement cannot be sealed absent some showing that overcomes the presumption of public access'") (quoting *Joo v. Kitchen Tables, Inc.,* 763 F. Supp. 2d 643, 647 (S.D. N.Y. 2011)). Further, courts have also noted, "A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Steele*, 2016 WL 1156744 at *5 (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010)).

At the hearing, the parties acknowledged that a number of courts routinely do not place FLSA settlement agreements under seal. Given the case law above, the Court finds that the parties have not presented a substantial showing as to why their settlement agreement should be placed under seal. *See Starnes v. Advanced Call Ctr. Techs., LLC*, No. 2:16-CV-156-TAV-MCLC, 2017 WL 4081877, at *1 (E.D. Tenn. Apr. 12, 2017) ("The mere fact 'that the settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public.'") (quoting *Nutting,* 2014 WL 2959481, at *4) (other quotations omitted). Accordingly, the Court **RECOMMENDS** that the settlement agreement not be placed under seal.

With respect to the confidentiality provision, the parties agreed that they could (1) submit another agreement that removes the confidentiality agreement, (2) modify the agreement that removes the confidentiality language, or (3) allow the confidentiality provision to remain but file the settlement agreement in ECF without sealing. Accordingly, based on the parties' proposal at

the hearing, the Court **RECOMMENDS** that the parties modify the settlement agreement to remove the confidentiality language.

IV.     **CONCLUSION**

Based upon the foregoing, the undersigned **RECOMMENDS**[1] that the Joint Motion for Leave to File Confidential Settlement Agreement Under Seal, to Approve the Same, and to Dismiss the Case with Prejudice [**Doc. 17**] be **GRANTED IN PART AND DENIED IN PART.** The Court **RECOMMENDS** that the settlement agreement be approved to the extent the parties modify it to remove the confidentiality provision. Further, the Court **RECOMMENDS** that the settlement agreement be filed without sealing.

Respectfully Submitted,

Debra C. Poplin
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).